Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MCG THERAPY GROUP, LLC**<br><br>Parte peticionaria<br><br>v.<br><br>**ARLENE J. MAESTRE RIVERA Y OTROS**<br><br>Parte Recurrida | **KLCE202500643** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Caso Núm.:<br>**AR2023CV00580**<br><br>Sobre:<br>**DAÑOS Y OTROS** |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Campos Pérez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2026.

Comparece ante nos MCG Therapy Group LLC, en adelante, MCG o peticionaria, solicitando que revisemos la *"Resolución"* emitida el 13 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo, en adelante, TPI-Arecibo. En el mismo, el Foro Primario denegó la *solicitud de inhibición* incoada por la peticionaria.

Por los fundamentos que expondremos a continuación, ***denegamos*** expedir el recurso solicitado.

### I.

Si bien el recurso de autos se refiere a un asunto de inhibición ocurrido durante los meses de abril y mayo del año 2025, resulta necesario que hagamos el siguiente recuento breve procesal, a manera de ilustrar las razones por las que nos encontramos adjudicando *ahora* este asunto.

Este caso tiene su génesis el 3 de abril de 2023, cuando MCG presentó una *"Demanda"* contra Arlene Maestre Rivera, en adelante, Maestre Rivera o recurrida, quien ofrece sus servicios como terapeuta a estudiantes de educación especial, a través de

AM Therapeutic Service for Children, Inc., en adelante, AM Therapeutic Service.[1] La demanda versó sobre incumplimiento de contrato, daños y perjuicios e interferencia torticera. El 12 de julio de 2023 se enmendó la demanda original para incluir a AM Therapeutic Service.[2]

Luego de algunos incidentes procesales, el 10 de agosto de 2023 el TPI dictó una *"Sentencia Parcial"*, en la que declaró *"Con Lugar"* una moción de desestimación presentada por Maestre Rivera, a los efectos de desestimar una de las causas de acción en su contra.[3] Inconforme con ello, el 27 de octubre de 2023, MCG presentó un recurso apelativo ante nos. Mediante *"Sentencia"* del 8 de agosto de 2024 confirmamos el dictamen apelado.[4] No obstante, el 9 de septiembre de 2024, MCG recurrió mediante recurso de *Certiorari* al Tribunal Supremo de Puerto Rico, el cual fue denegado. Sin embargo, MCG solicitó al Alto Foro que reconsiderara.

Por su parte, el proceso litigioso de este caso, que ha sido curvo y sumamente contencioso, continuó su curso. Luego de sancionar y reprender en múltiples ocasiones a los representantes legales de las partes, el TPI-Arecibo citó a una vista el 11 de marzo de 2025, para dilucidar una situación acaecida durante la deposición del perito Dr. Juan Villeta Trigo. Ese mismo día, el Foro Recurrido emitió un dictamen sancionado a los abogados de MCG, por entender que estos ocultaron evidencia de manera intencional. También, expuso que no permitiría el uso de la deposición del perito en cuestión en el caso de autos.[5]

Luego, mediante *"Resolución"* del 2 de abril de 2025, el Foro Primario descalificó a los abogados de MCG, la Lcda. Kyra Dávila

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 11.
[3] SUMAC, Entrada Núm. 30.
[4] KLAN202300959.
[5] SUMAC, Entrada Núm. 327.

Torres y la Lcda. Catalina Sierra López; también descalificó al abogado de Maestre Rivera, el Lcdo. Jaime Alcover Delgado.[6]

Por estos hechos, el 21 de abril de 2025, la peticionaria solicitó la inhibición del Juez, Honorable Jorge Raíces Román, arguyendo que el Magistrado había incurrido en un patrón de expresiones sesgadas y prejuiciadas contra MCG, que redundó en sanciones y en la descalificación de dos (2) de sus abogadas.[7] El 28 de abril de 2025, el TPI-Arecibo denegó la mencionada solicitud de inhibición, y refirió el asunto a la Jueza Administradora de la Región Judicial de Arecibo.[8] Posteriormente, el 13 de mayo de 2025, esta última emitió un dictamen denegando la petición de inhibición contra el Honorable Jorge Raíces Román.[9]

Advertimos brevemente que, paralelo a este asunto, siendo el 12 de mayo de 2025, nuestro Tribunal Supremo acogió en reconsideración el recurso de *certiorari* previamente discutido.[10]

Ahora bien, por estar inconforme con el resultado de la solicitud de inhibición, el 11 de junio de 2025 la peticionaria recurrió ante nos mediante *"Petición de Certiorari"*, haciendo el siguiente señalamiento de error:

> **Erró el honorable tribunal al denegar la solicitud de inhibición del juzgador a pesar de que la totalidad de las circunstancias demuestran que tiene prejuicio y/o parcialidad contra la Peticionaria y aunque sus expresiones, acciones y omisiones en el caso ponen en duda su imparcialidad para adjudicar, a la vez que minan la confianza pública en el sistema de justicia.**

Mediante *"Resolución"* del 13 de junio de 2025, concedimos a la parte recurrida hasta el 23 de junio de 2025 para presentar su oposición a la expedición del recurso, conforme a la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37. Llegado el día

---

[6] SUMAC, Entrada Núm. 347.
[7] SUMAC, Entrada Núm. 360.
[8] SUMAC, Entrada Núm. 363.
[9] SUMAC, Entrada Núm. 369.
[10] CC-2024-0553.

señalado, Maestre Rivera y AM Therapeutic Service radicaron ante nuestra consideración su oposición al recurso de epígrafe.

Por otro lado, en consideración al auto de *certiorari* relacionado a este caso, ante el Tribunal Supremo de Puerto Rico desde el año 2024, este Panel consideró prudente esperar que nuestra Máxima Curia se expresara, antes de atender el asunto de marras.

Así, posteriormente, siendo el 28 de mayo de 2026, el tribunal de mayor jerarquía expidió el recurso.[11] Luego de evaluar el expediente y los alegatos de las partes, nuestro Alto Foro resolvió revocar nuestro dictamen del 8 de agosto de 2024, y devolver el caso al TPI-Arecibo para la continuación de los procedimientos.

Evaluada la *Opinión* y *Sentencia* dictada por nuestro Tribunal Supremo, constatamos que no existe impedimento jurídico para entender sobre el asunto ante nuestra consideración.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento

---

[11] *MCG Therapy Group, LLC v. Arlene J. Maestre Rivera; AM Therapeutic Service for Children, Inc.,* 2026 TSPR 56, 218 DPR ___ (2026).

Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para

ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).
>
> (Énfasis suplido).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una

lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio,* 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Inhibición

El estado de Derecho se asienta sobre el recto y sabio ejercicio de las funciones judiciales. Por su parte, el Juez ejerce en nuestra sociedad una distinguida función de equilibrio en los conflictos humanos. La singularidad en esta función configura la imparcialidad del juzgador como exigencia del debido proceso de ley. *Hernández v. Secretario,* 164 DPR 390, 396 (2005).

El ordenamiento legal ha provisto varios mecanismos que le garantizan al ciudadano que en la adjudicación de su causa el juzgador será un ente imparcial. Y es que así debe ser, pues los tribunales constituyen el último asidero de la fe de nuestro pueblo

en la Justicia. "La fe de la ciudadanía en el sistema de justicia que impera en nuestro País resulta ser imprescindible para su bienestar general. Esa fe se preserva únicamente en la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad de quienes tienen la noble encomienda de impartir justicia." *Lind v. Cruz*, 160 DPR 485, 488 (2003). Véase, además, *Martí Soler v. Gallardo Álvarez*, 170 DPR 1, 8 (2007).

Las normas de inhibición tienen el potencial de evitar el prejuicio, parcialidad, arbitrariedad en la adjudicación de las controversias y a establecer garantías de justicia para las partes. *Ramírez de Ferrer v. Mari Brás*, 142 DPR 941, 953 (1997). En cuanto a lo que significa prejuicio o parcialidad personal, nuestro Tribunal Supremo ha dicho que ello se refiere a "una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial." *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018).

La inhibición y recusación de un juez o jueza está regulada por los Cánones de Ética Judicial, 4 LPRA Ap. IV-B y las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1 y 63.2.

Por su parte, el Canon 20 de los Cánones de Ética Judicial ordena a los jueces inhibirse en caso de prejuicio o parcialidad que les impida presidir un procedimiento judicial de manera más justa, objetiva e imparcial. El precitado canon reza de la siguiente manera:

> Las juezas y los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y en cualesquiera de los casos siguientes, pero sin limitarse a éstos:
>
> (a) por tener prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso;
>
> (b) por tener interés personal o económico en el resultado del caso;

(c) por haber sido abogada o abogado, asesora o asesor de cualquiera de las partes o de sus abogadas o abogados en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(d) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrada o magistrado para expedir la orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(e) por existir parentesco de consanguinidad o afinidad dentro del cuarto grado con la persona acusada, con la víctima del delito, con la abogada defensora o el abogado defensor, con la o el fiscal, o con un miembro del Jurado en un procedimiento criminal, o con cualesquiera de las partes o sus representantes legales en un procedimiento civil;

(f) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(g) cuando, en calidad de funcionaria o funcionario que desempeña un empleo público, haya participado como abogada o abogado, asesora o asesor, o testigo esencial del caso en controversia;

(h) cuando una de las abogadas o los abogados de las partes sea abogada o abogado de las juezas o de los jueces que han de resolver la controversia ante su consideración, o lo haya sido durante los últimos tres años, o

(i) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. Las juezas y los jueces deberán inhibirse tan pronto conozcan de la causa de inhibición mediante una resolución escrita en la que harán constar dicha causa, con su notificación a todas las partes.

A tenor con lo provisto, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, dispone lo siguiente:

A iniciativa propia, *o a recusación de parte*, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:

a. Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;

b. por tener interés personal o económico en el resultado del caso;

c. por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;

d. por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

e. por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

f. por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

g. por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

h. cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;

i. cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

j. por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

Por su parte, la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 63.2, "pauta el contenido de una moción de inhibición." *Martí Soler v. Gallardo Álvarez*, supra, pág. 8. Es decir, dispone en

cuanto al perfeccionamiento de la solicitud de inhibición o recusación y su procedimiento. *Mun. de Carolina v. CH Properties*, supra, pág. 709.

Según la *Regla 63,* la recusación de un juez o jueza no es una sanción disciplinaria, sino un mecanismo profiláctico procesal para garantizar la pureza de la tarea judicial. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 774 (2013). No obstante, cuando un juez o jueza actúa con pasión, prejuicio o parcialidad pudiera estar incurriendo también en una violación a sus deberes éticos.

En particular, el *Canon 20 de Ética Judicial* dispone que, los jueces deben abstenerse de adjudicar aquellos casos en los que tengan "prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso". *Íd.*; Canon XX de Ética Judicial, 4 LPRA IV-B. De igual forma, el mencionado canon establece que, los jueces deberían inhibirse "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". *Mun. de Carolina v. CH Properties*, supra, pág. 712.

Por último, sabido es que "la imputación de parcialidad o prejuicio, como punta de lanza para obtener la inhibición o recusación de un juez, ***debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad"***. (*Énfasis suplido*). *Ruiz v. Pepsico P.R., Inc.,* 148 DPR 586, 588 (1999). Véase, además, *Mun. de Carolina v. CH Properties*, supra, pág. 712. Es por lo que, para determinar la existencia de prejuicio personal por parte del juez, será necesario analizar la totalidad de las circunstancias a la luz de la prueba presentada, desde la perspectiva de la mítica figura del buen padre

de familia. *Ruiz v. Pepsico P.R., Inc.*, supra, pág. 589; *Mun. de Carolina v. CH Properties*, supra, pág. 712.

**III.**

La parte peticionaria recurre ante esta Curia solicitando, en síntesis, que ordenemos la inhibición del Honorable Jorge Raíces Ramos. Aduce que el Foro Primario se equivocó al entender que el Magistrado no obró de manera parcializada. En su recurso, MCG realizó un recuento procesal de las expresiones, acciones y omisiones del Juzgador, que, a su juicio, ponen en relieve su parcialidad a favor de la recurrida.

Sin embargo, luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, nos vemos impedidos de expedir el recurso.

Lo cierto es que no hemos apreciado perjuicio, error o parcialidad en la determinación del Foro Recurrido. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra* y los criterios evaluativos de la Regla 40 de nuestro Reglamento, *supra*, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia.

**IV.**

Por los fundamentos que anteceden, ***denegamos*** *expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez **concurre** sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones